J-S19045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALINDA CHANDLER | : | |
| | : | |
| Appellant | : | No. 1639 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 24, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003522-2022

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: NOVEMBER 25, 2024**

Appellant, Malinda Chandler, appeals the judgment of sentence imposed by the Luzerne County Court of Common Pleas after she tendered a guilty plea to one count of making a materially false written statement in connection with the purchase, delivery, or transfer of a firearm.[1]  Her counsel has filed a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), along with a petition to withdraw as counsel.  Upon review, we affirm and grant counsel's request to withdraw from representation.

On April 17, 2023, Appellant entered her plea without any stated negotiation for a sentencing recommendation.  N.T. 4/17/23, 3-5.  She stipulated to the facts underlying her plea.  **_Id._** at 4.  The affidavit of probable

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6111(g)(4)(ii).

cause attached to Appellant's criminal complaint describes the relevant facts as follows:

> On March 17, 2021[, Appellant] attempted to purchase a SCCY model: CPX2 9mm pistol bearing serial number: C105389 from Gippy's Gun Shop located at 726 Wilkes Barre Township Boulevard in Wilkes Barre Township. While attempting to purchase the pistol[, Appellant] filled out [a] U.S. Department of Justice ATF form 4473. [Appellant] marked "No" to blocks 21c and 21d of said form. Block 21c of ATF form 4473 asks the prospective buyer if they have ever been convicted in any court of a felony or any other crime for which the judge could have sentenced her to a term of imprisonment of greater than one year even if the actual sentence she received was less to include [sic] probation. Block 21d of ATF form 4473 asks the prospective buyer if they are a fugitive from justice.
>
> An agent of Gippy's Gun Shop conducted a mandatory background investigation through the Pennsylvania Instant Check System (PICS). The PICS check revealed [Appellant] was convicted in 2020 of Section 4106(a)(1)[(ii)] of Title 18 [for] Access Device Issued to Another who Did Not Authorize Use[,] a misdemeanor one offense punishable by a prison sentence of up to five years. This conviction caused [Appellant] to be denied in her attempt to purchase a pistol.
>
> Further investigation revealed [Appellant] had three open warrants for Title 18 offenses [for] Retail Theft, Public Drunken[n]ess, and Harassment. These open valid warrants caused her to be a fugitive from justice.
>
> It is obvious from the 2020 conviction for Section 4106(a)[(ii)] of Title 18 and the three open warrants for her arrest [Appellant] knowingly and falsely marked "No" to blocks 21c and 21d of ATF form 4473 in an attempt to illegally purchase a firearm.

Affidavit of Probable Cause, 8/23/22, 1. Sentencing was deferred for, *inter alia*, the preparation of a presentence investigation report. N.T. 4/17/23, 5-6.

Appellant failed to appear for a sentencing hearing initially scheduled for June 13, 2023, and a warrant was issued for her. N.T. 4/17/23, 5-6; Plea Court Opinion, 1/18/24, 2. On August 24, 2023, Appellant appeared for a rescheduled hearing and the court sentenced her to nine to eighteen months' imprisonment with immediate eligibility for parole upon serving half of the minimum term, along with a no contact order and an order to submit a DNA sample. N.T. 8/24/23, 6. On September 7, 2023, Appellant filed a motion for reconsideration of her sentence in which she requested a house arrest sentence with electronic monitoring to allow her to undergo a drug and alcohol assessment for the purposes of applying for participation in an intermediate punishment program. Motion to Modify Sentence, 9/7/23, ¶¶ 2, 4-5. On September 26, 2023, the plea court denied the post-sentence motion as untimely filed.[2] Order, 9/26/23, 1.

Appellant did not file a timely notice of appeal. On November 3, 2023, she filed a counseled motion for reinstatement of her direct appeal rights *nunc pro tunc*, which effectively served as a petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541. **See Commonwealth v.**

---

[2] The ten-day deadline for filing a timely post-sentence motion, pursuant to Pa.R.Crim.P. 720(a), would have mechanically fell on Sunday, September 3, 2023. Because the next day was an observed court holiday for Labor Day, Appellant's deadline for filing a timely post-sentence motion would have been Tuesday, September 5, 2023. **See** Pa.R.Crim.P. 101(c) (incorporating by reference the rules of construction in the Pennsylvania Rules of Judicial Administration including Pa.R.J.A. 107(a)-(b), relating to computation of time for the rule of construction relating to the exclusion of the first day and inclusion of the last day of a time period and the omission of the last day of a time period which falls on Saturday, Sunday, or a legal holiday).

*Fairiror*, 809 A.2d 396, 397 (Pa. Super. 2002) (holding that, generally, "requests for reinstatement of appellate rights, including PCRA appellate rights," are PCRA petitions that "must meet the timeliness requirements of the PCRA"). The plea court granted the motion and Appellant thereafter timely filed a notice of appeal *nunc pro tunc*.[3] Order, 11/6/23, 1; Notice of Appeal, 11/27/23, 1. Appellant's counsel and the plea court thereafter complied with their obligations under Pa.R.A.P. 1925. Pa.R.A.P. 1925(a) Order, 11/30/23, 1; Motion for Extension of Time, 1/10/24, 1-3; Pa.R.A.P. 1925(c)(4) Statement, 1/10/24, 1-3; Order, 1/10/24, 1; Plea Court Opinion, 1/18/24, 1-3.

Counsel's *Anders* brief presents the following questions for our review:

1. Did the trial court abuse its discretion in refusing to grant a continuance of the sentencing hearing?

2. Did the trial court abuse its discretion by failing to impose a sentence that provided the Appellant with house arrest/electronic monitoring?

*Anders* Brief at 3.

_____

[3] Because the twenty-day deadline for filing the notice of appeal *nunc pro tunc* fell on Sunday, November 26, 2023, the notice of appeal was timely filed on the next day. *See* Pa.R.A.P. 107 (incorporating by reference the rules of construction in the Pennsylvania Rules of Judicial Administration including Pa.R.J.A. 107(a)-(b), relating to computation of time for the rule of construction relating to the exclusion of the first day and inclusion of the last day of a time period and the omission of the last day of a time period which falls on Saturday, Sunday, or a legal holiday).

As a preliminary matter, we must address counsel's request to withdraw. *See Commonwealth v. Watts*, 283 A.3d 1252, 1254 (Pa. Super. 2022 ("Before we may consider the issues raised in the *Anders* brief, we must first consider counsel's petition to withdraw from representation."). Counsel who believes an appeal is frivolous and seeks to withdraw from representation under *Anders* must:

> [(]1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; [(]2) furnish a copy of the brief to the [appellant]; and [(]3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Redwood*, 273 A.3d 1247, 1252 (Pa. Super. 2022) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), our Supreme Court addressed the second point of the *Anders* standard, *i.e.*, the contents of the *Anders* brief, requiring that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, this Court has a duty to conduct its own review of the lower court's proceedings and make an independent determination whether the

appeal is wholly frivolous. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Upon our review, we conclude that counsel has complied with the ***Anders*** standard for withdrawal. Counsel has filed a comprehensive brief examining the factual and procedural history of the case with citations to the record. The brief cogently addresses two legal issues, concerning the denial of a request for a continuance of the sentencing hearing and a challenge to the discretionary aspects of the sentence imposed, and explains, with citations to the record and supporting law, why neither of those claims would establish an abuse of discretion necessary for a grant of relief. ***Anders*** Brief at 9-21. Counsel, in passing, also addresses why hypothetical claims concerning the voluntariness of Appellant's guilty plea and the legality of her sentence would fail. ***Id.*** at 17. Moreover, counsel has filed a petition to withdraw as counsel with an appended letter to Appellant, enclosing a copy of the ***Anders*** brief to Appellant and advising her, *inter alia*, of her right to file a response to the brief, either acting *pro se* or with the assistance of newly retained counsel. Our docket does reveal any subsequent response filed by Appellant. As counsel has fully complied with the mandated procedures for withdrawing from representation, we may proceed with substantive review.

In the first issue identified in the ***Anders*** brief, counsel addresses a continuance request that the plea court denied at the start of the sentencing hearing. For context, Appellant's sentencing hearing was originally scheduled for June 13, 2023. N.T. 4/17/23, 5-6. The reasons for deferring sentencing

to another date from the guilty plea hearing were two-fold. On the one hand, it was necessary because Appellant requested the preparation of a presentence investigation report. *Id.* at 5. On the other hand, Appellant wanted additional time to "apply for restrictive probation" or participation in an intermediate punishment program. *Id.* While we have no notes of testimony for the proceedings between the guilty plea hearing and the sentencing hearing that took place on August 24, 2023, the plea court's opinion and the *Anders* brief shed light on the intervening events. The court's opinion notes that Appellant failed to appear on June 13, 2023, and a warrant was issued for her. Plea Court Opinion, 1/18/24, 2. In the *Anders* brief, counsel informs that Appellant appeared for sentencing on July 13, 2023, but requested a continuance "which was granted for [her] to reapply for [intermediate punishment] or house arrest eligibility." *Anders* Brief at 4.

The sentencing hearing notes of testimony reflect that Appellant failed to complete a drug and alcohol evaluation in her pursuit of a non-custodial punishment and the trial court then denied her second request for a continuance:

> [DEFENSE COUNSEL:] Judge, she was supposed to have a drug and alcohol evaluation today. I was on the phone with --
>
> THE DEFENDANT: Yeah --
>
> [DEFENSE COUNSEL:] -- the Robinson Center. The earliest they can give her an evaluation, is next Thursday on the 31st at 2:00. I was talking to them on the phone today. So, we just request sentencing be postponed to another date so she can get that done.

THE COURT: I'm going to deny any request for a continuance. The Defendant has failed to show up for sentencing in the past. This has been continued previously.

THE DEFENDANT: They said I didn't have anything --

THE COURT: We are going to move forward.

THE DEFENDANT: -- until September. If I didn't do the 31st, they said September. So, I took the 31st.

THE COURT: Well, the plea was entered back in April. So, there has been ample time to get these things taken care of. Okay? I'm concerned given the nature of the offense involved, I have concerns with even imposing any time of house arrest for this Defendant. This Defendant does have some priors on her record. So, I wish to move forward with sentencing.

N.T. 8/24/23, 2-3.

"The trial court has discretion to grant or deny a continuance request, and its decision will not be reversed absent a showing [of] an abuse of that discretion." *Commonwealth v. Matthews*, 227 A.3d 1, 9-10 (Pa. Super. 2020) (citation omitted). Additionally, we have noted, "The grant of a continuance is discretionary and a refusal to grant is reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated." *Commonwealth v. Griffin*, 804 A.2d 1, 12 (Pa. Super. 2002) (citation omitted). "Abuse of discretion is not merely an error of judgment, but rather is a manifestly unreasonable judgment, a result of prejudice, bias or ill-will, or a misapplication of law." *Commonwealth v. Thomas*, 879 A.2d 246, 261 (Pa. Super. 2005) (citation omitted).

In the **Anders** brief, counsel concedes that he could not reasonably argue that the request for a second sentencing continuance was "compelling" because more than four months had passed from the date of the guilty plea hearing to the date of the sentencing hearing and "Appellant had not only failed to appear on one occasion but was previously granted a continuance for th[e] very reason" for which she sought the second continuance request. **Anders** Brief at 16. Moreover, counsel notes, "it cannot be established that the [plea] court acted unreasonably and arbitrarily in declining the second continuance request where the trial court also indicated that it was not likely inclined to impose house arrest." **Id.** at 16-17. We agree with counsel's assessment that Appellant was not prejudiced by the lack of a second continuance or that the denial of a second continuance would have been an abuse of discretion where Appellant had previously delayed sentencing by failing to appear for prior sentencing listing. Appellant had ample time to seek the evaluations necessary to bolster her request for a non-custodial sentence and, in these circumstances, there were no reasons of record reflecting why the evaluations could not have been conducted within the prior four months. Given Appellant's prior record and the seriousness of her offense *sub judice*, she also lacked any reasonable grounds for arguing for prejudice where the court stated its plain disinclination to impose a house arrest sentence.

As for the discretionary sentencing issue, counsel notes: "Appellant maintains that because the [plea] court did not meaningfully consider [her] proffer of mitigating factors, in other words, her acceptance of responsibility

by pleading guilty, her background and her willingness to complete a drug and alcohol evaluation, the sentence [of] incarceration was manifestly harsh and excessive." *Anders* Brief at 10. Counsel ultimately concludes that Appellant could not prove that the sentence resulted from an abuse of discretion where the plea court possessed a presentence investigation report, considered the relevant statutory sentencing factors, and imposed a term at the bottom of the standard range recommended by the Sentencing Guidelines. *Anders* Brief at 20-21.

While we agree that counsel properly assesses Appellant's inability to prevail on the merits of a discretionary sentencing claim, our ability to engage in substantive review of the claim itself is halted at the start due to a lack of issue preservation. A defendant must preserve a discretionary sentencing claim either at sentencing or in a timely filed post-sentence motion, otherwise the claim is waived on direct review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see, e.g., Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (noting that objections to the discretionary aspects of a sentence are generally waived if they are not raised at sentencing or preserved in a post-sentence motion).

Here, Appellant did not raise any issue concerning the discretionary aspects of her sentence at the conclusion of her sentencing hearing after the imposition of the judgment of sentence. N.T. 8/24/23, 6. While she filed a post-sentence motion for modification of sentence, she did not file it until two

days after her ten-day deadline for filing a timely post-sentence motion elapsed pursuant to Pa.R.Crim.P. 720(a)(1). **See supra** note 2. Even assuming *arguendo* that the discretionary sentencing claim that Appellant would wish to raise on appeal was included in the post-sentence motion, it would be waived for our purposes where the post-sentence motion was not timely filed. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("Absent [a challenge raised in a post-sentence motion or by presenting it to the trial court during the sentencing proceedings], an objection to a discretionary aspect of a sentence is waived."); **see also Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining that precedent does not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an **Anders** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal"); **Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007) (observing that "[a]n untimely post-sentence motion does not preserve issues for appeal") (citation omitted).

Appellant's stated issues concerning the continuance denial and the discretionary aspects of her sentence fail, in turn, for lack of arguable merit and issue preservation waiver. As part of our duty to conduct an independent judgment as to whether this appeal is wholly frivolous, we note that the only other hypothetical issues that Appellant could have addressed herein would have been challenges to the validity of her plea, the jurisdiction of the plea

court, and the legality of her sentence. ***See Commonwealth v. Brown***, 240 A.3d 970, 972 (Pa. Super. 2006) ("A defendant [who pleads guilty] may generally only appeal matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence. Additionally, when a defendant pleads guilty without an agreement as to the sentence, he may challenge the discretionary aspects of the sentence imposed.") (citations omitted).

There is no apparent issue with the validity or voluntariness of Appellant's guilty plea but, even if there was any apparent issue, any claim of that nature would be waived because Appellant never preserved any challenge to the plea before the lower court. ***See Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.") (citations omitted).

There is also no apparent issue to be raised concerning the legality of the sentence where Appellant's nine-to-eighteen-month imprisonment term was within the seven-year maximum that could have been imposed for a felony of the third degree such as Appellant's conviction in this case. ***See*** 18 Pa.C.S. § 1103(3) (setting the maximum imprisonment limit for felonies of the third degree).

Lastly, we do not discern any claim of arguable merit that could have been raised concerning the plea court's jurisdiction. The record demonstrates that Appellant's crime took place within Wilkes Barre Township in Luzerne County, Appellant had adequate notice of her criminal charge, and the plea court, as a judge sitting for the Luzerne County Court of Common Pleas, was competent to accept Appellant's plea to an offense under the Crimes Code. *See Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007) (noting that "courts of common pleas have statewide jurisdiction in all cases arising under the Crimes Code"); *Commonwealth v. Goldblum*, 447 A.2d 234, 244 (Pa. 1982) ("Subject matter jurisdiction in the trial court exists by virtue of the presentation of *prima facie* evidence that a criminal act occurred within the jurisdiction of the court."); *Commonwealth v. McNeil*, 665 A.2d 1247, 1251 (Pa. Super. 1995) ("Personal jurisdiction in a criminal matter is secured through the defendant's presence within the territorial jurisdiction of the court.").

Our independent review of the record confirms that this appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2024